IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DUSTIN STANTON                                                                                    PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:13cv1087-KS-MTP

ANTHONY CHAMBERS, *et al.*                                                            DEFENDANTS

**ORDER**

THIS MATTER is before the court on the Plaintiff's letters [33] which the court construed as a motion to appoint counsel and for issuance of summons. Having considered the motion, the court finds that it should be denied.

As for the demand for issuance of summons, the motion is moot. The court has ordered that process be reissued and served on the remaining defendants.

In his motion to appoint counsel, Plaintiff claims he needs counsel because he has a fourth grade education, the person who helped him with his case is no longer available, and he is without the necessary skills and knowledge to present his case to the court. In general, there is no right to counsel in civil rights cases. *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982) (stating that there is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915); *Salmon v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990). Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding *in forma pauperis*; it does not authorize the court to make coercive appointments of counsel. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. *See Salmon*, 911 F.2d at 1166; *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989);

*Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances.  *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987);  *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations:  (1) the type and complexity of the case and (2) the abilities of the individual bringing it.  *See Freeze*, 849 F.2d at 175; *Good*, 823 F.2d at 66; *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 212. The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the court and the defendant, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 213.  It is also appropriate for the court to consider whether the indigent plaintiff has demonstrated an inability to secure the assistance of private counsel, especially in view of the opportunity for a prevailing Section 1983 plaintiff to recover attorney's fees.  *See Cain*, 864 F.2d at 1242.

This court is given considerable discretion in determining whether to appoint counsel. *Ulmer*, 691 F.2d at 211.  After consideration of the record along with the applicable case law, the court has determined that Plaintiff's pleadings contain no novel points of law which would

indicate the presence of "exceptional circumstances." Plaintiff claims he was denied appropriate medical care. There is no claim that he is currently being denied any medical care by these defendants. Plaintiff seeks only monetary damages. This type of claim is routinely handled by *pro se* prisoner plaintiffs. While Plaintiff claims to have only a fourth grade education, he is clearly able to communicate his position to the court as evidenced by his various letters and other filings. In addition, his pleadings will be afforded liberal construction, consistent with applicable law.

The motion simply does not justify or merit the appointment of counsel or exhibit any "exceptional circumstances." Therefore, counsel will not be appointed to the Plaintiff at this juncture of the proceedings.

IT IS, THEREFORE, ORDERED:

1. Plaintiff's Motion to Appoint Counsel [33] is DENIED. His request for issuance of summons is moot.

2. It is Plaintiff's responsibility to keep the court informed of his current address. Plaintiff's failure to do so will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case.

SO ORDERED this the 24th day of April, 2014.

s/ Michael T. Parker
United States Magistrate Judge