IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DUSTIN STANTON                                                                                PLAINTIFF

v.                                                             CIVIL ACTION NO. 3:13-CV-1087-KS-MTP

ANTHONY CHAMBERS, et al.                                                             DEFENDANTS

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Compel [50], filed *pro se* and *in forma pauperis* by Dustin Stanton. After careful consideration of the Motion and the applicable law, the Court finds that the motion should be DENIED.

In his Motion, Plaintiff requests the Court to compel defendants to provide discovery and to respond to his previously submitted interrogatories. The Court finds that Plaintiff's motion should be denied. First, no discovery has yet been allowed by an order from this Court. Second, the only defendant before the Court has raised a qualified immunity defense.[1] Motion [45]. This defense shields its proponents not only from liability for civil damages, but also from the burdens of broad-reaching discovery. *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). The only discovery that may be permitted in this case is limited to that necessary to determine the applicability of a qualified immunity defense. *Crawford-El v. Britton*, 523 U.S. 574, 594 (1998) (holding that "limited discovery" may sometimes be necessary in order to development facts pertinent to issue of qualified immunity); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (holding that "[u]nless the plaintiff's allegations state . . . violations of clearly established law, a defendant pleading qualified

---

[1] Defendant Chambers has not been dismissed from this actions; however, a recommendation of dismissal is pending [53].

1

immunity is entitled to dismissal before the commencement of discovery.").[2] Plaintiff has not demonstrated that the proposed discovery is relevant, either in whole or in part, to the issue of qualified immunity.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Compel [50] be DENIED.

SO ORDERED this the 29th day of September, 2014.

s/ Michael T. Parker
United States Magistrate Judge

---

[2]The Local Rules of this court also provide that a motion asserting an immunity defense stays all discovery not related to the issue pending the court's ruling on the motion. L. U. Civ. R. 16 (b)(3)(B).