**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DUSTIN STANTON**

                              **CIVIL ACTION NO. 3:13cv1087-KS-MTP**

**MICHAELA CHANO AND
SANDRA SIURANO**

**ORDER ADOPTING REPORT AND RECOMMENDATIONS
AND DISMISSING COMPLAINT AGAINST SANDRA SIURANO
AND OVERRULING MOTION TO DISMISS AND MOTION
FOR SUMMARY JUDGMENT MADE BY MICHAELA CHANO**

This cause is before the Court on Defendant Michaela Chano's Motion to Dismiss or, In the Alternative, Motion for Summary Judgment [45] and *sua sponte* for case management purposes following Plaintiff's failure to comply with the Court's Order [55] regarding Defendant Sandra Siurano's address. Also before the Court is Report and Recommendation of Magistrate Judge Michael T. Parker [59] and Objection thereto filed by Defendant Michaela Chano [60]. The Court has considered the pleadings above described, the record in this case and the applicable law, and finds that the Report and Recommendation should be adopted by this Court as set forth below.

**Defendant Sandra Siurano**

On November 13, 2013, the Court directed the clerk to issue process to Defendants, including Sandra Siurano. *See* Order [19]. The United States Marshals Service, however, was unable to serve Siurano because she no longer works for the Federal Bureau of Prisons ("BOP"). *See* Summons Return [22]. In order to complete service, the Court ordered BOP to produce the

1

last known address of Siurano. *See* Order [27].  BOP provided an address, but the Marshals Service again was unable to serve Siurano because she no longer lives at that address. *See* Summons Return [39].

On September 29, 2014, the Court directed Plaintiff to provide the Court with an address where Siurano may be served with process. *See* Order [55].  The Court advised Plaintiff that if he failed to provide an address for Siurano by October 17, 2014, she would be dismissed from this action without prejudice.  To date, Plaintiff has failed to provide an address where Siurano may be served with process or otherwise serve her with process.  Accordingly, the undersigned dismisses Defendant Siurano from the action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## Defendant Michaela Chano's
## Motion to Dismiss or, in the alternative, for Summary Judgment

*Background*

Plaintiff Dustin Stanton is a federal inmate currently incarcerated at the United States Penitentiary in Tucson, Arizona.  Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this *Bivens*[1] civil rights action on September 3, 2013, alleging that his Eighth Amendment right to be free from "cruel and unusual punishment" was violated during his incarceration at the Federal Correctional Complex in Yazoo City, Mississippi.  Plaintiff alleges that on March 28, 2012, he

---

[1] Plaintiff filed his complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331.  A *Bivens* action mirrors a civil rights action brought under 28 U.S.C. § 1983, the difference being that a *Bivens* action applies to alleged constitutional violations by federal actors, while a Section 1983 action applies to alleged constitutional violations by state actors. *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

had an operation to remove cysts from his sinuses. Upon returning to prison, Plaintiff alleges that he was not cared for properly by the medical staff, and that this resulted in a severe nose bleed and a subsequent surgery on his left carotid artery to remove a blood clot.

In regard to Defendant Michaela Chano, Plaintiff alleges:

> After about [two and a half] hours after his return to the prison, Plaintiff began to bleed uncontrolably [sic] 'Choking' on his blood as the packing stopped the blood from flowing from his nose. Plaintiff went to the infirmary at the prison where Nurse Chano laid him on a medical bed. The blood and or bleeding slowed down but did not stop. R/N Chano failed to examine Plaintiff but after 10 minutes told him he would be okay and he needed to return to this housing unit. By the time Plaintiff returned to his housing unit he was once again bleeding profusely from his right side nose and mouth.

*See* Complaint [1] at 5.

On July 11, 2014, Defendant Chano filed her Motion to Dismiss or, in the alternative, for Summary Judgment [45] arguing that Plaintiff's claim should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), that Plaintiff's claim should be dismissed based upon qualified immunity for failure to establish a constitutional violation and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and that Plaintiff's claim should be dismissed for failure to establish a genuine issue as to any material fact.

### DEFENDANT MICHAELA CHANO

As to Defendant Michaela Chano's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.

### II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a

*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  OBJECTIONS

This Court has considered the Objection made by Defendant Chano.  The Court has also reviewed the medical records, etc., in Document 47.  Every consideration is being given to Plaintiff to allow him to respond by establishing disputes and questions of fact relative to the treatment rendered by Defendant Chano.  The Eight Amendment demands of deliberate indifference raise a high bar for Plaintiff.  However, at this time the Court will overrule the Motion for Summary Judgment without prejudice.

### IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the Objections.  For the reasons set forth above, this Court concludes that Chano's Objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the

facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that the claim against Sandra Siurano is **dismissed without prejudice**. Further, the Motion to Dismiss and Motion for Summary Judgment filed by Defendant Chano are **overruled without prejudice** of Defendant to argue or resubmit the Motion for Summary Judgment.

SO ORDERED this, the 20th day of February, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE